LATHAM & WATKINS LLP
  Perry J. Viscounty (Bar No. 132143)
*perry.viscounty@lw.com*
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600 / (650) 463-2600 Fax

LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
*jennifer.barry@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400 / (858) 523-5450 Fax

Attorneys for Plaintiff
craigslist, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIGSLIST, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>DEALERCMO, INC., a California corporation; and Does 1 through 10, inclusive,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) Federal Trademark Infringement<br>(2) Federal False Designation of Origin<br>(3) Federal Dilution of a Famous Mark<br>(4) Cybersquatting<br>(5) Common Law Unfair Competition<br><br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1     For its Complaint against Defendants DealerCMO, Inc. and Does 1-10, craigslist, Inc.

2    ("craigslist") alleges as follows:

3                      **INTRODUCTION**

4     1.     craigslist provides local community classifieds, largely without charge and free

5    from third-party advertising and marketing.  Many tens of millions of users rely on these unique

6    marketplaces for finding and/or offering basic necessities in their local areas, such as

7    employment, housing, transportation, used goods, services, romance, friendship, and community

8    information.

9     2.     The craigslist trademark is indisputably famous.  Indeed, the defendants opted to

10    trade off of the fame of that name rather than create their own brand by launching an auto

11    posting company called "CraigsMax."  This unauthorized use of a confusingly similar mark

12    improperly and unfairly infringes craigslist's valuable trademark rights.

13     3.     By this action, craigslist seeks to put a stop to the defendants' unlawful conduct

14    and obtain compensation for the violations that have occurred thus far.

15                **JURISDICTION AND VENUE**

16     4.     This is a civil action alleging trademark infringement, false designation of origin

17    and unfair competition, dilution, and cyberpiracy under the Lanham Act, 15 U.S.C. §§ 1114,

18    1125.

19     5.     Pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), this Court has subject

20    matter jurisdiction over craigslist's claims for relief for violation of the federal trademark and

21    unfair competition statutes.  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental

22    jurisdiction over craigslist's state law claim because the claim is joined with substantial and

23    related claims under the Lanham Act.  This Court also has supplemental jurisdiction over the

24    state law claim pursuant to 28 U.S.C. § 1367(a) because all of craigslist's claims arise out of a

25    common nucleus of operative facts.

26     6.     This Court has personal jurisdiction over the defendants because they reside and

27    maintain offices in this State.

28     7.     Venue is proper in this District under 28 U.S.C. § 1391, because a substantial part

of the events or omissions giving rise to the claims occurred in this District.

8.      This is an intellectual property action to be assigned on a district-wide basis under Civil Local Rule 3-2.  This case may also be assigned to the San Francisco Division, as a substantial part of the events giving rise to the alleged claims occurred in San Francisco County.

## THE PARTIES

9.      craigslist, Inc. is a Delaware corporation, with its principal place of business in San Francisco, California.

10.     DealerCMO, Inc. is a California corporation, with its principal place of business in San Jose, California.

11.     Does 1-10 are persons or entities responsible in whole or in part for the wrongdoing alleged herein ("Doe Defendants").  craigslist is informed and believes, and based thereon, alleges that each of the Doe Defendants participated in, ratified, endorsed, or was otherwise involved in the acts complained of, and that they have liability for such acts.  craigslist will amend this Complaint if and when the identities of such persons or entities and/or the scope of their actions become known.

12.     DealerCMO, Inc. and the Doe Defendants, and their agents, affiliates, and other co-conspirators are collectively referred to as "Defendants."

## FACTS

A.      **craigslist and Its Trademarks.**

13.     Founded in San Francisco, California in 1995 by Craig Newmark, craigslist began as an email list for friends and co-workers to share information about events in and around the San Francisco Bay Area.  It grew over time in size and scope, and became the world's largest online forum for local classified advertising and community discussions. craigslist continues to maintain its headquarters in San Francisco.

14.     Today craigslist is one of the most visited sites on the internet, with hundreds of billions of page views served annually.  More than 60 million Americans visit craigslist each month, and they collectively post several hundred million classified ads each year.

15.     craigslist is the owner of the CRAIGSLIST® mark and the following U.S. Federal

Registrations (the "Registrations"):

> a.    No. 2,395,628 for the CRAIGSLIST® mark in Classes 35 and 38.  This registration is incontestable.

> b.    No. 2,905,107 for the CRAIGSLIST® mark in Class 38.  This registration is incontestable.

> c.    No. 2,985,065  for the CRAIGSLIST® mark in Class 35.  This registration is incontestable.

> d.    No. 3,008,562 for the CRAIGSLIST® mark in Classes 36 and 42.  This registration is incontestable.

2.    craigslist has also registered the CRAIGSLIST® mark in many other countries throughout the world.

3.    craigslist has used the CRAIGSLIST® mark in commerce since 1995.  craigslist's use has been substantially continuous and exclusive.  craigslist therefore owns longstanding common law rights in the CRAIGSLIST® mark.

4.    craigslist has attained strong name recognition in the CRAIGSLIST® mark.  The mark has come to be associated with craigslist and identifies craigslist as the source of advertising, information, bulletin board, database, and other services offered in connection with the mark.

5.    The CRAIGSLIST® mark appears repeatedly in every single craigslist post, and throughout nearly every page on its websites, worldwide.

6.    craigslist has also developed substantial goodwill in the CRAIGSLIST® mark.

7.    There can be little doubt that the CRAIGSLIST® mark is famous in the United States.  Not only is the craigslist website visited by more than 60 million Americans each month, but the CRAIGSLIST® mark is regularly referenced across the American pop culture spectrum, in television shows, movies, books, magazines and press articles.  Indeed, the CRAIGSLIST® mark, and its associated services, are ubiquitous in, and integral parts of, American society and culture.

8.    The CRAIGSLIST® mark is among craigslist's most important and valuable

1  assets.

2  B.    **Defendants' Infringing Conduct.**

3        16.    On information and belief, Defendants launched their "Craigslist posting service"

4  under the CRAIGSMAX trademark in or about 2014, and claim to be "the easiest and most cost

5  effective tool to lift your pre-owned sales" by "creat[ing] our own Craigslist process to better

6  serve [auto] dealerships."  They further claim that "Your search for an effective Craigslist

7  solution ends here."

8        17.    The CRAIGSMAX website, at *craigsmax.com*, displays a mobile phone showing

9  a page from the craigslist website:



25        18.    Recognizing the fame of the CRAIGSLIST® mark, Defendants tout on their

26  website the "Power of Craigslist":

## The Power of Craigslist

| Craigslist Statistics | |
|---|---|
| Total number of Craigslist sites | 700 |
| Number of Craigslist daily queries worldwide | 50,000,000 |
| Number of new classified ads published on Craigslist every month | 40,000,000 |
| **Number of Used Car ads viewed on Craigslist** | **9,200,000** |
| Number of page views Craigslist gets every month | 20,000,000,000 |
| Number of Americans that use Craigslist per year | 50,000,000 |

19.     The website goes on to tout: "Craigslist posting companies rise and fall like your blood pressure working in the car business. We've been a dominant player on Craigslist for years."

20.     Defendants filed a federal trademark application on August 13, 2015 for the CRAIGSMAX 2 & Design mark in Class 35 for "Advertising and marketing consultancy; Advertising on the Internet for others; Advertising, marketing and promotional services for automotive dealerships; Consulting in sales techniques and sales programmes."

21.     The U.S. Patent and Trademark Office ("USPTO") rejected Defendants' application on November 11, 2015, citing a likelihood of confusion with the CRAIGSLIST® mark.

22.     Specifically, the Examiner found that "[t]he marks are similar in appearance, sound, connotation and commercial impression because they both begin with the arbitrary term 'CRAIGS.'  Although [Defendants'] mark also contains the terms 'MAX 2' and a design and [craigslist's] mark contains the term 'LIST' the mere addition of these terms does not meaningfully alter the sound, appearance, and commercial impression in such a way to avoid the likelihood of confusion."

23.     The Examiner further found that "[t]he services [offered by Defendants and by craigslist] are related because [Defendants'] advertising services encompass services identical to those of [craigslist]."

24.     Based on these findings, the Examiner refused registration of Defendants' mark under Section 2(d) of the Trademark Act.

25.     Defendants' continued use of the CRAIGSMAX mark in commerce in violation of craigslist's valuable intellectual property rights is knowing, intentional and willful, and is causing harm to craigslist.

26.     Because of Defendants' willful continuing infringement and unlawful conduct, craigslist is now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights.  craigslist had to retain counsel and incur attorneys' fees and costs (and continues to incur those fees and costs) to prosecute this suit and pursue its claims.

27.     craigslist's interest in protecting its intellectual property rights and services from customer confusion outweigh any harm to Defendants.  The public interest is best served by granting the requested relief against Defendants in this case.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement, 15 U.S.C. § 1114

28.     craigslist realleges and incorporates by reference all of the factual allegations set forth above.

29.     craigslist owns the CRAIGSLIST® mark and the Registrations.

30.     craigslist is the senior user of the CRAIGSLIST® mark, as it began use of the mark in interstate commerce long before Defendants' first use of their infringing CRAIGSMAX mark.

31.     Defendants do not have authorization, license or permission from craigslist to market and sell their services under the CRAIGSLIST® mark or any confusingly similar mark.

32.     When adopting the CRAIGSMAX mark, Defendants were aware of the CRAIGSLIST® mark, as they were on constructive notice based on craigslist's longstanding federal registrations.  In fact, it is clear from Defendants' marketing materials that they are purposely trading off the famous CRAIGSLIST® mark when using the CRAIGSMAX mark. Thus Defendants' unauthorized use of their mark was knowing, intentional and willful.

33.     Defendants' use of the CRAIGSLIST® mark in interstate commerce constitutes a

1    reproduction, counterfeit, copy, or colorable imitation of a registered trademark of craigslist in

2    connection with the sale, offering for sale, distribution, or advertising of goods or services on or

3    in connection with which such use is likely to cause confusion or mistake, or to deceive.  For

4    example, users of Defendants' website and service are likely to be confused as to whether

5    Defendants' websites and services are associated or approved by craigslist.

6        34.    As a direct and proximate result of Defendants' misconduct, craigslist has been,

7    and will continue to be, irreparably harmed and injured, and such harm will continue unless

8    enjoined by this Court.  craigslist has no adequate remedy at law and is therefore entitled to

9    injunctive relief.

10        35.    Defendants' misconduct has been and is knowing, deliberate, and willful.

11    Pursuant to 15 U.S.C. §1117(a), Defendants' willful use of the CRAIGSLIST® mark without

12    excuse or justification makes this an exceptional case, entitling craigslist to an award of treble

13    damages and reasonable attorneys' fees and costs.

14        **SECOND CLAIM FOR RELIEF**

15        **Federal False Designation of Origin, 15 U.S.C. § 1125(a)**

16        36.    craigslist realleges and incorporates by reference all of the factual allegations set

17    forth above.

18        37.    craigslist owns the CRAIGSLIST® mark and longstanding common law rights in

19    that mark.

20        38.    craigslist is the senior user of the CRAIGSLIST® mark, as it began use of the

21    mark in interstate commerce long before Defendants' first use of their infringing CRAIGSMAX

22    mark.

23        39.    Defendants do not have authorization, license or permission from craigslist to

24    market and sell their services under the CRAIGSLIST® mark or any confusingly similar mark.

25        40.    When adopting the CRAIGSMAX mark, Defendants were aware of the

26    CRAIGSLIST® mark, as they were on constructive notice based on craigslist's longstanding

27    federal registrations.  In fact, it is clear from Defendants' marketing materials that they are

28    purposely trading off the famous CRAIGSLIST® mark when using the CRAIGSMAX mark.

1    Thus Defendants' unauthorized use of their mark was knowing, intentional and willful.

2         41.    Defendants' use of the CRAIGSLIST® mark in interstate commerce constitutes a

3    reproduction, counterfeit, copy, or colorable imitation of a registered trademark of craigslist in

4    connection with the sale, offering for sale, distribution, or advertising of goods or services on or

5    in connection with which such use is likely to cause confusion or mistake, or to deceive.  For

6    example, users of Defendants' website and service are likely to be confused as to whether

7    Defendants' websites and services are associated or approved by craigslist.

8         42.    As a direct and proximate result of Defendants' misconduct, craigslist has been,

9    and will continue to be, irreparably harmed and injured, and such harm will continue unless

10   enjoined by this Court.  craigslist has no adequate remedy at law and is therefore entitled to

11   injunctive relief.

12        43.    Defendants' misconduct has been and is knowing, deliberate, and willful.

13   Pursuant to 15 U.S.C. §1117(a), Defendants' willful use of the CRAIGSLIST® mark without

14   excuse or justification makes this an exceptional case, entitling craigslist to an award of treble

15   damages and reasonable attorneys' fees and costs.

16                              **THIRD CLAIM FOR RELIEF**
17                     **Federal Dilution of a Famous Mark, 15 U.S.C. § 1125(c)**

18        44.    craigslist realleges and incorporates by reference all of the factual allegations set

19   forth above.

20        45.    The CRAIGSLIST® mark is a famous and distinctive mark, and is widely

21   recognized by the general consuming public of the United States as a designation of source of

22   craigslist's services.

23        46.    The CRAIGSLIST® mark was famous prior to the time Defendants commenced

24   use of the CRAIGSMAX mark in commerce.

25        47.    Defendants' websites display the famous CRAIGSLIST® mark numerous times,

26   and use a mark that dilutes the CRAIGSLIST® mark.

27        48.    Defendants' use of the CRAIGSLIST® mark is likely to cause dilution by

28   blurring, by impairing the distinctiveness of the CRAIGSLIST® mark, thereby damaging

1   craigslist's goodwill and disparaging craigslist's rights in the CRAIGSLIST® mark.  Defendants'

2   acts and conduct are in violation of the Lanham Act, 15 U.S.C. § 1125(c).

3        49.     In addition, Defendants' use of the CRAIGSMAX mark is likely to cause an

4   association arising from the similarity between the CRAIGSMAX mark and CRAIGSLIST®

5   mark that impairs the distinctiveness of the CRAIGSLIST® mark.  Defendants' use of the

6   CRAIGSMAX mark in commerce is likely to cause dilution by blurring of the famous

7   CRAIGSLIST® mark in violation of the Lanham Act, 15 U.S.C. §1125(c).

8        50.     As a direct and proximate result of Defendants' misconduct, craigslist has been,

9   and will continue to be irreparably harmed and injured, and such harm will continue unless

10   enjoined by this Court.  This harm includes a reduction in the distinctiveness of the

11   CRAIGSLIST® mark and injury to craigslist's reputation that cannot be remedied through

12   damages, and craigslist has no remedy at law.  craigslist is therefore entitled to injunctive relief

13   as set forth herein.

14        51.     Defendants willfully intended to trade on craigslist's reputation or to cause

15   dilution of the famous CRAIGSLIST® mark and, therefore, craigslist is entitled to monetary

16   relief under 15 U.S.C. § 1117, including profits, damages, treble damages and costs of the action.

17        52.     Defendants' misconduct has been and is knowing, deliberate, and willful.  This

18   willful use of the CRAIGSLIST® mark without excuse or justification renders this an exceptional

19   case and entitles craigslist to its reasonable attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)

22        53.     craigslist realleges and incorporates by reference all of the factual allegations set

23   forth above.

24        54.     The CRAIGSLIST® mark was famous and distinctive at the time Defendants

25   registered *craigsmax.com*.

26        55.     Defendants, without regard to the products or services provided by craigslist and

27   with a bad faith intent to profit from the CRAIGSLIST® mark, registered, trafficked in, and

28   continue to use this domain name that is identical or confusingly similar to or dilutive of the

1 CRAIGSLIST® mark, in violation of the Lanham Act, 15 U.S.C. § 1125(d).

2    56. As a direct and proximate result of Defendants' misconduct, craigslist has been,

3 and will continue to be irreparably harmed and injured, and such harm will continue unless the

4 Court orders that the *craigsmax.com* domain name be forfeited or cancelled, or transferred to

5 craigslist.

6    57. Defendants' misconduct has been and is knowing, deliberate, and willful.  This

7 willful use of the CRAIGSLIST® mark without excuse or justification renders this an exceptional

8 case and entitles craigslist to its reasonable attorneys' fees and costs.

9    58. Alternatively, craigslist is entitled to elect statutory damages instead of actual

10 damages and profits, pursuant to 15 U.S.C. § 1117(d).

11
12

**FIFTH CLAIM FOR RELIEF**
**California Common Law Unfair Competition**

13    59. craigslist realleges and incorporates by reference all of the factual allegations set

14 forth above.

15    60. craigslist has expended significant time and expense in developing the

16 CRAIGSLIST® mark and the high-quality products and services it markets and sells under that

17 mark.  The CRAIGSLIST® mark is famous, has been very successful and has developed a

18 substantial reputation and goodwill in the marketplace.

19    61. Through their actions as described above, Defendants have misappropriated

20 craigslist's efforts and are exploiting the CRAIGSLIST® mark and craigslist's reputation to

21 market and sell their services under the CRAIGSMAX mark.  These actions constitute unfair

22 competition.

23    62. As a direct and proximate result of Defendants' wrongful conduct, craigslist has

24 been and will continue to be injured.

25    63. Unless an injunction is issued enjoining Defendants' unfairly competitive

26 conduct, craigslist will continue to be irreparably harmed.  craigslist has no adequate remedy at

27 law.

28    64. On information and belief, Defendants have acted willfully, intentionally and

1    maliciously, such that craigslist is entitled to punitive damages.

2                            **PRAYER FOR RELIEF**

3          WHEREFORE, craigslist prays for the following relief:

4          A.     An injunction ordering Defendants, and their officers, directors, members, agents,

5    servants, employees, and attorneys, and all other persons acting in concert or participating with

6    them, who receive actual notice of the injunction order by personal or other service, to:

7                 1.     Cease all use of the CRAIGSLIST® mark, the CRAIGSMAX mark, and

8    any other mark or name likely to cause confusion with the CRAIGSLIST® mark, in connection

9    with the promotion, advertising, offering for sale, or sale, of any products or services;

10                2.     Never use any false designation of origin, false representation, or any false

11   or misleading description of fact, that can, or is likely to, lead the consuming public or individual

12   members thereof, to believe that any products or services produced, offered, promoted,

13   marketed, advertised, provided or sold by Defendants are in any manner associated or connected

14   with craigslist, or are licensed, approved or authorized in any way by craigslist;

15                3.     Never represent, suggest in any fashion to any third party, or perform any

16   act that may give rise to the belief, that Defendants, or any of their goods or services, are related

17   to, authorized or sponsored by craigslist;

18                4.     Cease all use of the domain name *craigsmax.com* and any similar domain

19   names, and never register or apply for any domain names that contain any of craigslist's

20   trademarks, or any domain names confusingly similar to any of craigslist's trademarks;

21                5.     Never unfairly compete with craigslist in any manner whatsoever, or

22   engage in any unfair, fraudulent or deceptive business practices that relate in any way to the

23   production, distribution, marketing, and/or sale of products and services bearing the

24   CRAIGSLIST® mark; and

25                6.     Never apply for, or seek to register as a trademark, service mark, DBA, or

26   trade name the CRAIGSMAX mark or name, or any other mark or name that is likely to cause

27   confusion with the CRAIGSLIST® mark.

28         B.     An order pursuant to 15 U.S.C. § 1116(a) directing Defendants to file with the

1    Court and serve upon craigslist's counsel, within thirty (30) days after service of the order of

2    injunction, a report in writing under oath setting forth in detail the manner and form in which

3    Defendants have complied with the injunction.

4         C.     An order transferring all domain names, including but not limited to

5    *craigsmax.com*, in Defendants' possession, custody or control that include the term "craig," any

6    misspelling thereof, or are otherwise confusingly similar to or contain the CRAIGSLIST® mark.

7         D.     An order finding that, by the acts complained of above, Defendants have infringed

8    the Registrations in violation of 15 U.S.C. § 1114.

9         E.     An order finding that, by the acts complained of above, Defendants have created a

10   false designation of origin and false representation of association, in violation of 15 U.S.C.

11   § 1125(a).

12        F.     An order finding that the CRAIGSLIST® mark is famous, and, by the acts

13   complained of above, Defendants diluted the CRAIGSLIST® mark, in violation of 15 U.S.C.

14   § 1125(c).

15        G.     An order finding that, by the acts complained of above, Defendants have engaged

16   in cybersquatting, in violation of 15 U.S.C. § 1125(d).

17        H.     An order finding that, by the acts complained of above, Defendants have engaged

18   in common law unfair competition.

19        I.     An order pursuant to 15 U.S.C. § 1117(a) compelling Defendants to account to

20   craigslist for any and all profits derived by them from their unlawful and infringing conduct.

21        J.     An order awarding craigslist damages as follows:

22             1.     Pursuant to 15 U.S.C. § 1117(a), all of Defendants' profits or gains of any

23   kind from their acts of trademark infringement, false designation of origin, dilution, and

24   cybersquatting, including a trebling of those damages;

25             2.     At craigslist's election, the maximum allowable amount of statutory

26   damages permitted under 15 U.S.C. § 1117(d) for Defendants' acts of cybersquatting; and

27             3.     Punitive damages pursuant to California common law.

28        K.     An order pursuant to 15 U.S.C. § 1117(a) finding that this is an exceptional case

1    and awarding craigslist its reasonable attorneys' fees.

2         L.    An order awarding craigslist all of its costs, disbursements and other expenses

3    incurred due to Defendants' unlawful conduct, pursuant to 15 U.S.C. § 1117(a).

4         M.    An order awarding craigslist interest.

5         N.    An order awarding craigslist such other relief as the Court deems appropriate.

6    Dated:  March 23, 2016                    LATHAM & WATKINS LLP

7                                              By: /s/ Perry J. Viscounty
8                                                  Perry J. Viscounty

9                                              Attorney for Plaintiff
                                               CRAIGSLIST, INC.

10
                               **DEMAND FOR JURY TRIAL**
11
         craigslist demands a jury trial on all issues triable to a jury.
12
     Dated:  March 23, 2016                    LATHAM & WATKINS LLP
13
                                               By: /s/ Perry J. Viscounty
14                                                 Perry J. Viscounty

15                                             Attorney for Plaintiff
                                               CRAIGSLIST, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28