UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIGSLIST, INC., a Delaware corporation, | CASE NO. 3:16-cv-01451-VC |
| Plaintiff, | |
| v. | **JUDGMENT AND PERMANENT INJUNCTION** |
| DEALERCMO, INC.; EMERALD HILLS VENTURES, LLC; PREOWNED LEADS, LLC; AUTO ADVERTISING AND SALES CONSULTING, LLC; EDWARD DODD; SHERRI DODD; and Does 1 through 10, inclusive, | |
| Defendants. | |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. Plaintiff craigslist, Inc. ("craigslist") is the owner of the CRAIGSLIST® mark and the following incontestable U.S. Federal Registrations:

    a. No. 2,395,628 for the CRAIGSLIST® mark in Classes 35 and 38.

    b. No. 2,905,107 for the CRAIGSLIST® mark in Class 38.

    c. No. 2,985,065 for the CRAIGSLIST® mark in Class 35.

    d. No. 3,008,562 for the CRAIGSLIST® mark in Classes 36 and 42.

2. craigslist has used the CRAIGSLIST® mark in commerce since 1995. craigslist's use has been substantially continuous and exclusive. craigslist therefore owns longstanding common law rights in the CRAIGSLIST® mark.

3. craigslist has attained strong name recognition and substantial goodwill in the CRAIGSLIST® mark. The mark has come to be associated with craigslist and identifies craigslist as the source of advertising, information, bulletin board, database, and other services offered in connection with the mark.

4. The CRAIGSLIST® mark is famous in the United States and is among craigslist's most important and valuable assets.

5. Defendant Emerald Hills Ventures, LLC ("Emerald") began using the CRAIGSMAX trademark in or about 2012. PreOwned Leads, LLC ("PreOwned") and DealerCMO, Inc. ("DealerCMO") began using the CRAIGSMAX trademark in or about 2013 and the *craigsmax.com* domain name in or about 2014. DealerCMO and/or PreOwned also registered the *craigsmax.net*, *craigs-max.net*, *craigsmaxelite.com*, and *cmaxstats.com* domain names in connection with these activities.

6. DealerCMO filed a federal trademark application on August 13, 2015 for the CRAIGSMAX 2 & Design mark in Class 35 (Serial No. 86/724195) (the "CRAIGSMAX Application"). The U.S. Patent and Trademark Office issued a non-final office action rejecting the CRAIGSMAX Application on November 11, 2015, citing a likelihood of confusion with the CRAIGSLIST® mark.

7. DealerCMO filed a Notice of Abandonment of the CRAIGSMAX Application on or about March 30, 2016.

8. The foregoing actions were taken with the approval, consent, and authorization of Defendants Edward Dodd and Sherri Dodd, and Mr. and Mrs. Dodd also directed or participated in these actions. Defendants Emerald, PreOwned, DealerCMO, and Mr. and Mrs. Dodd are hereinafter collectively referred to as "Defendants."

9. Defendants' intentional, willful, and malicious use of the CRAIGSMAX mark and related domain names violated craigslist's trademark rights (*see* 15 U.S.C. §§ 1114, 1125(a), 1125(c), 1125(d)), caused damage to craigslist and the CRAIGSLIST® trademark, and allowed Defendants to wrongfully obtain profits at craigslist's expense.

10. craigslist's Terms of Use are valid and enforceable and Defendants are bound by those terms.

11. craigslist's Terms of Use prohibit Defendants from bypassing craigslist's filters and efforts to moderate the content posted to *craigslist.org* and from posting ads using templates.

12. craigslist's Terms of Use prohibit Defendants from listing more than one vehicle for a single posting fee, including by "swapping" vehicles in and out of live ads.

13. Defendants breached craigslist's Terms of Use by bypassing craigslist filters and moderation efforts and swapping vehicles in and out of live ads, thereby damaging craigslist.

14. Defendants' intentional, willful, and malicious actions, as more fully described in the Second Amended Complaint (*see* Dkt. No. 67), also constitute unfair competition under California's common law.

15. Defendants' willful, intentional, and malicious actions make this an exceptional case under 15 U.S.C. § 1117(a), entitling craigslist to an award of its reasonable attorneys' fees and costs.

**MONETARY JUDGMENT**

16. craigslist is entitled to damages in the amount of $1,000,000 against PreOwned and Mr. Dodd, which represents a small portion of craigslist's actual damages and disgorgement of Defendants' profits.

17. craigslist is further entitled to attorneys' fees in the amount of $75,000 to compensate a portion of craigslist's actual reasonable fees, due to Defendants' willful, intentional and malicious conduct, which makes this an exceptional case under 15 U.S.C. § 1117(a).

18. Accordingly, judgment is entered in favor of craigslist on all claims in the amount of $1,075,000, against Defendants PreOwned and Mr. Dodd, jointly and severally.

**INJUNCTION**

19. Defendants and their respective current and future officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them or individuals within any Defendant's control (collectively, the "Enjoined Parties") are PERMANENTLY ENJOINED and ORDERED as follows:

    a. The Enjoined Parties are prohibited from:

        i. directly or indirectly using the CRAIGSMAX and CRAIGSMAX2 trademarks, terms, trade dress, or logos;

        ii. using the CRAIGSLIST® trademark or any craigslist trademark or trade dress, except that the Enjoined Parties may make only such limited references to craigslist or the *craigslist.org* website as would be permitted under the doctrines of nominative and descriptive fair use and are made in a manner that does not represent or suggest an affiliation, association, authorization, or sponsorship to or by craigslist;

        iii. using, applying for, or registering any mark, trade name, service mark, DBA, trade dress, company name, domain name, website username, or url that contains any craigslist trademark, a misspelling of any craigslist trademark, or the word "craig";

        iv. using or acquiring any Twitter handle, email address, avatar, domain name, social media user name, or other asset of any kind that contains or suggests the words "craig," "craigslist," or anything similar;

     v. representing, or suggesting in any fashion, on their websites, in their mobile apps, or otherwise, that they are in any way affiliated or associated with, or authorized or sponsored by, craigslist, or that any of their products or services are in any way affiliated or associated with, or authorized or sponsored by, craigslist; and

     vi. using, applying for, or registering any designation, term, trademark, logo, trade name, service mark, DBA, trade dress, company name, domain name, website username, url, Twitter handle, email address, avatar, domain name, or social media user name that is confusingly similar to the CRAIGSLIST® trademark or is otherwise is in any manner likely to confuse consumers as to their association, affiliation or sponsorship with or by craigslist.

  b. Within five (5) days after the entry of this Order, the Enjoined Parties will assign and otherwise transfer to craigslist all rights, title (including ownership), and interest that each may have in and to the *craigsmax.com*, *craigsmax.net*, *craigs-max.net*, *craigsmaxelite.com*, and *cmaxstats.com* domain names, as well as any other domain names registered, owned or controlled by any Enjoined Party that contain the word "craig" or any abbreviation or misspelling thereof.

  c. The Enjoined Parties will never oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of craigslist's trademarks, trade names, copyrights, or domain names ("Intellectual Property") that exist at the time of this Agreement, or assist, support, or encourage others to oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of craigslist's Intellectual Property.

  d. The Enjoined Parties shall not bypass, or attempt to bypass, any of craigslist's efforts to moderate access to and/or use of craigslist's website and services. This includes craigslist's efforts to block, filter, or delete content posted, or attempted to be posted, on the *craigslist.org* website.

  e. The Enjoined Parties shall not list, feature, or advertise more than one

vehicle in any posting that the Enjoined Parties submit on *craigslist.org*. The Enjoined Parties are specifically prohibited from listing more than one vehicle for a single posting fee, including by substituting or "swapping" a vehicle in and out of live ads on *craigslist.org*.

   f. The Enjoined Parties shall not violate any of craigslist's then-current Terms of Use.

 20. It is further ORDERED that the Enjoined Parties shall:

   a. Take reasonable steps sufficient to monitor and ensure that all persons within their control or employment (whether as affiliates, independent contractors, employees, agents, partners or in some other capacity) comply with this Order, including but not limited to providing a copy of this Order to any person controlled or employed by DealerCMO or PreOwned, or any person controlled or employed by any Enjoined Party if that person is in anyway involved with using craigslist.org or posting advertisements on craigslist and requesting that such person adhere to its terms; and

   b. Take all reasonable corrective action with respect to any individual within their control or employment whom any Enjoined Party determines is not in compliance with the terms of this Order, which may include training, disciplining, and/or terminating such individual, and notifying craigslist promptly in writing of the underlying conduct.

**JURISDICTION AND RETENTION OF SAME**

 21. It is further ORDERED that Doe defendants 1 through 10 are dismissed without prejudice.

 22. It is further ORDERED that this Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Order. The Court shall also retain ancillary jurisdiction over this matter in law and equity for purposes of enforcing and/or adjudicating any violation of the Parties' confidential settlement agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-2 (1994). Any such matters shall be raised by noticed motion.

 23. The Court finds that this stipulation of the parties includes the parties' consent to the jurisdiction of this Court and the waiver of any and all arguments or challenges as to (i) the

1  jurisdiction of this Court, or (ii) the enforceability of this injunction in other jurisdictions.

2      24.    The Court finds that this stipulation of the parties includes a waiver of the right to appeal the entry of this Order and a waiver of the right to contest the validity of any clause, term, or provision herein in any subsequent proceeding, and enters the Order on that basis; provided, however, that if for any reason any clause, term, or provision herein is deemed unlawful or invalid, the remaining clauses, terms and provisions shall remain in full force and effect.

**IT IS SO ORDERED**.

Dated:  October 6    , 2017

_____
VINCE CHHABRIA
United States District Judge